(967 P.2d 357)

No. 80,010

Ronald K. Adkerson, *Appellee,* v. Mike Nelson, Warden, *Appellant.*

Opinion filed November 20, 1998.

*Julie Riddle,* special assistant attorney general, and *Carla J. Stovall,* attorney general, for appellant.

No appearance for appellee.

Before Green, P.J., Lewis, J., and Peter V. Ruddick, District Judge, assigned.

Ruddick, J.: This appeal involves a habeas corpus action brought by Ronald K. Adkerson, an inmate at the El Dorado Correctional Facility. During a disciplinary hearing, staff members of the facility determined that Adkerson had failed to furnish a urine sample within the allotted time in violation of K.A.R. 44-12-304. The trial court granted Adkerson relief from the disciplinary action.

On December 15, 1996, while Adkerson was an inmate at El Dorado Correctional Facility, a corrections officer directed him to provide a urine sample. Adkerson did not provide a sample within the 2-hour period specified by prison regulations. The corrections officer promptly filed a disciplinary report alleging Adkerson disobeyed orders in violation of K.A.R. 44-12-304, a Class I offense. At his disciplinary hearing, Adkerson claimed he was not given the full 2-hour period to urinate. On cross-examination of the correc-

tions officer, Adkerson established he had tried repeatedly but unsuccessfully to urinate and had requested a blood test. On closing, Adkerson stressed that he had tried to urinate and did not willfully refuse.

The disciplinary board found Adkerson guilty of violating an order and imposed 30 days' disciplinary segregation, a $20 fine, and forfeiture of 6 months' good time credit. On appeal to the Secretary of Corrections, Adkerson attached a claim he suffered from a medical condition called "shy bladder," which makes it difficult to urinate when others are present. The Secretary upheld the finding of the disciplinary board without comment.

Adkerson filed a pro se petition under K.S.A. 1997 Supp. 60-1501, alleging that the El Dorado Correctional Facility did not properly follow procedure in conducting the hearing. The petition failed to mention Adkerson's alleged medical condition. Mike Nelson, Warden of the El Dorado Correctional Facility, filed an answer and motion to dismiss. Nelson stated that Adkerson was afforded notice, a hearing, substitute counsel, and the opportunity to call and cross-examine witnesses at his hearing.

At the evidentiary hearing, Adkerson testified he had tried to urinate, could not, and was not given another chance. He asserted it was physically impossible for him to comply with the order. He did not mention the procedural irregularities he raised in his petition. Nelson simply affirmed Adkerson had been afforded timely notice, a hearing, and representation.

The trial court asked about the reference to shy bladder "some place in your papers." Adkerson replied he had been told the term by a doctor. Adkerson also said the corrections officer told Adkerson that he sympathized but was required to write up Adkerson's violation. No objection was made to this testimony.

The trial court found Adkerson was suffering from a physical or mental block and "shouldn't be punished for that problem" and ordered a refund of his fine and a restoration of his good time credit. In its journal entry, the trial court found it was unreasonable to find Adkerson guilty because it was physically impossible for him to comply and there was no evidence Adkerson deliberately refused to provide the sample. Nelson appeals, arguing that Adkerson im-

permissibly introduced new evidence at the hearing and he was afforded basic due process. Adkerson did not file a brief.

*Notice and Opportunity to Be Heard*

Because Adkerson abandoned his procedural irregularity argument at the evidentiary hearing, this argument is without merit. The record shows Adkerson was afforded timely notice, a hearing, substitute counsel, and the opportunity to call and cross-examine witnesses. Any mistakes made in the administration of the disciplinary hearing are trivial and do not implicate Adkerson's due process rights. See *Anderson v. McKune,* 23 Kan. App. 2d 803, 810-11, 937 P.2d 16, *rev. denied* 262 Kan. 959, *cert. denied* 139 L. Ed. 2d 302 (1997).

*Unreasonableness*

The trial court is required to uphold the disciplinary action against an inmate as long as there was "some evidence" to support the hearing officer's determination. The appellate court applies the same standard and determines whether the record in turn supports the trial court's decision. *Anderson,* 23 Kan. App. 2d at 808.

Although not raised in his pro se petition, Adkerson argued at the evidentiary hearing that it was impossible for him to provide the requested urine sample.

K.A.R. 44-12-304(a) provides: "Each inmate shall promptly and respectfully obey any order, directive, or instruction given to the inmate." Internal Management Policies and Procedures (I.M.P.P.) 12-124(III)(A)(8)(a)(1) provides: "Any inmate refusing *and/or failing* to provide a urine sample of sufficient quantity shall be subject to disciplinary action as per the provisions of K.A.R. 44-12-304, Disobeying Orders." (Emphasis added.) The language of the directive contemplates punishment even if an inmate tries and fails to give a timely urine sample. Prison regulations are given great deference on review. Prison officials are charged with the control and administration of the penal institutions of the state and as such are vested with wide discretion in the discharge of their duties. *Levier v. State,* 209 Kan. 442, 450-51, 497 P.2d 265 (1972).

Enforcement of the directive may result in unfair punishment to an inmate unable in good faith to give a urine sample. However, forcing the State to disprove good faith inability to comply in every case where an inmate fails to give a sample would make administration of the prison drug compliance program difficult if not impossible. Due process does not require error-free administration. *Mackey v. Montrym*, 443 U.S. 1, 13, 61 L. Ed. 2d 321, 99 S. Ct. 2612 (1979).

The decision of the trial court rested on Adkerson's own declaration that he could not provide the sample. Simple failure to comply is insufficient to call into question the validity of the I.M.P.P. directive. Adkerson must also show that administration of the directive was fundamentally unfair, which in turn would require a showing that the summary punishment was not needed for efficient administration of the vital drug compliance program. By finding the disciplinary disposition unreasonable, the trial court invalidated the plain language of the I.M.P.P. directive. The evidence in the record and presented at trial does not support a finding that prison authorities acted capriciously when they enforced the clear provisions of I.M.P.P. 12-124(III)(A)(8)(a)(1).

Reversed.